ILLINOIS VALLEY SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* VANN C. McPEAKE *et al.*, Defendants.—(THOMAS J. FALLBACHER *et al.*, Defendants-Appellants.)

Third District    No. 79-845

Opinion filed August 8, 1980.

Karl G. La Pinska, of Princeton, for appellants.

O. B. Pace, Jr., of Pace & McCuskey, of Lacon, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Putnam County granting summary judgment in favor of plaintiff, Illinois Valley Savings and Loan Association, and against defendants Thomas and Yolanda Fallbacher. On March 31, 1973, the Fallbachers, contract purchasers of lot 487 in Lake Thunderbird Hills, discovered an excavation believed to be upon their property. On May 26, 1973, they learned that the people who built the A-frame cottage were defendants Vann and Carole McPeake. At the request of the McPeakes, a survey was prepared which verified that the cottage had been constructed on the Fallbachers' lot.

The McPeakes were adjudicated bankrupt on petitions filed March 24, 1975, and plaintiff was named as mortgagee therein and received notice of the proceeding. On July 1, 1975, defendants Fallbachers notified plaintiff of the error in construction. Thereafter on several occasions there were contacts between the Fallbachers and plaintiff attempting to resolve the problem. On October 21, 1975, the Fallbachers notified plaintiff that negotiations were underway with the McPeakes relative to the purchase of the McPeakes' interest in and to the structure. On or about March 17, 1976, the Fallbachers acquired the McPeakes' interest through a quitclaim deed along with an easement interest in and to lot 486. Subsequently the plaintiff initiated the instant foreclosure proceeding against the McPeakes' lot seeking a sale free and clear of any interest claimed by the Fallbachers. The Fallbachers opposed the foreclosure, interposing, as a defense to count I of the complaint, a claim of easement on the McPeakes' lot, and asserted that the easement was a valid encumbrance on the mortgaged lot, not subject to the plaintiff's mortgage by virtue of laches. The court granted plaintiff's motion for summary judgment on count I, finding as a matter of law, that the defense of laches was unavailable to the Fallbachers and entered a judgment of foreclosure and for sale, free and clear of the Fallbachers recorded easement. It is from these orders that the Fallbachers appeal.

The sole issue on this appeal is whether the affirmative defense of laches is unavailable to the Fallbachers as a matter of law. The Fallbachers contend that the trial court ruled that the defense of laches is never available in a proper motion to foreclose where there is a subsequent easement or lien regardless of facts which might exist and a ruling to that effect is error. We need not decide this question in that we do not believe that is what the trial court held.

The language in the order granting summary judgment states that having examined the motions, depositions and admissions on file, the court found that the defense of laches was unavailable to the Fallbachers as a matter of law. Thus it is clear that the trial court did not hold that

laches was never available as a defense to a foreclosure action but instead held that under the facts presented in the pleadings, the defense of laches was unavailable to the Fallbachers. We believe the trial court was correct in so holding and affirm.

The leading case on the doctrine of laches is *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341. *Pyle* adopted a four-part test to be used when considering whether a suit is to be barred on the ground of laches.

In the case at bar, the record shows no evidence of any prejudice to the Fallbachers. The plaintiff was informed of the error in construction on July 1, 1975. A series of negotiations then took place until October 21, 1975. The negotiations proved to be fruitless. The Fallbachers acquired the easement on March 17, 1976, while aware of the mortgage, and six months later, in September, 1976, the plaintiff moved to protect its interest. Under these circumstances, the delay did not serve to prejudice the Fallbachers. The six-month period of inactivity on the part of the plaintiff subsequent to March 17, 1976, found no change in the Fallbachers' position. There were no major expenditures on the Fallbachers' part (*Lincoln-Way Community High School District No. 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318), nor did the Fallbachers incur any legal liability (*First National Bank v. Conference Claimants Society* (1969), 109 Ill. App. 2d 477, 248 N.E.2d 718) during the six-month delay. The record is devoid of any prejudice which resulted to the Fallbachers. Therefore, the defense of laches is unavailable as a matter of law, and the trial court was correct in so holding.

For the above-mentioned reasons, the judgment of the circuit court of Putnam County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.